**Genesis REOC Co., LLC v Poppel**

2025 NY Slip Op 30387(U)

January 31, 2025

Supreme Court, New York County

Docket Number: Index No. 156733/2017

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MELISSA A. CRANE**

*Justice*

PART        **60M**

-----------------------------------------------------------------------------X

GENESIS REOC COMPANY, LLC,JAZZ REALTY II, LLC,INDIVIDUALLY AND ON BEHALF OF, GENESIS REOC COMPANY, LLC AND JAZZ GENESIS II, LLC AND, JAZZ GENESIS II, LLC,

Plaintiff,

- v -

STUART D. POPPEL, CHARLES E. WILLIAMS, PECKAR & ABRAMSON PC,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156733/2017 |
| MOTION DATE | 06/21/2023 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 491, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, 560, 561, 562, 563, 564, 565, 566, 567, 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 584, 585, 586, 587, 588, 589, 590, 591, 592, 593, 597

were read on this motion to/for                              DISCOVERY                              .

This legal malpractice case involves various underlying projects to develop real estate.

For a detailed discussion of the facts, refer to the well-reasoned decision of the late Justice Carol

Edmead, dated October 1, 2020 [EDOC 267]. The court will repeat only those facts as are

necessary for this decision.

Suffice it to say, plaintiffs allege that the defendants are their former attorneys. Plaintiffs

claim these attorneys participated in a surreptitious scheme to divert all revenue from real estate

investments to entities their other client, Karim Hutson, controlled. This left plaintiffs with

nothing. Plaintiffs sue for legal malpractice.

By this motion, plaintiffs, GENESIS REOC COMPANY (Genesis Reoc), LLC, JAZZ

REALTY II, LLC, individually and on behalf of Genesis REOC Company, LLC, and Jazz

**156733/2017   GENESIS REOC COMPANY, LLC vs. POPPEL, ESQ., STUART D.**
**Motion No.  009**

**Page 1 of 6**

1 of 6

[* 1]

Genesis II, LLC, and JAZZ GENESIS II, LLC, move to compel defendants to produce documents defendants have designated as privileged. For the following reasons, the court grants the motion to the extent that some limited production is warranted for an *in camera* review. However, the requests themselves are too broad given the emergence of a serious threshold issue—namely whether or not defendants really were plaintiffs' attorneys.

Plaintiffs are not now entitled to every single communication defendants had with Hutson concerning the underlying transactions. Rather, at this juncture, plaintiffs are entitled to documents, if any, shedding light on the threshold issue. This is because only if defendants were actually plaintiffs' attorneys can this lawsuit for legal malpractice proceed.

Thus, this motion presents somewhat of a catch-22 problem. This is because, whether plaintiffs are entitled to the documents turns on whether they were a client of defendants, yet, the proof of whether plaintiffs were clients could very well depend on some of the documents defendants want to shield as privileged.

Defendants contend that they should not have to produce because plaintiffs were never their clients. They contend that their true client was Karim Hutson and that producing the documents plaintiffs have demanded would violate the attorney-client privilege with Hutson.

The only engagement letter the court is aware of is Poppel's engagement letter with Karim Hutson. That letter indicates that Poppel was to represent "Genesis Companies, LLC" which the complaint alleges is one of Hutson's companies (Amended Complaint EDOC 64 ¶ 47). However, although there is no engagement letter specifically with any of the plaintiffs, other documents raise serious concerns that defendants did take on the representation of plaintiffs. It is clear from these documents that the defendant lawyers provided legal advice to Andrew Stone,

the principal behind Genesis REOC and the other plaintiff entities.  It is also clear that defendants intended for Stone to rely on them for legal advice.

For example, EDOC 193 starts out as an email, dated January 31, 2013, from defendant Poppel to Andy Stone, the principal of Genesis REOC and Jazz Realty.  Poppel attached various documents pertinent to an imminent real estate deal. About 15 minutes later, Mr. Stone replied complaining about the volume of paperwork and stating "Stu, as <u>our</u> attorney on this and <u>looking out for my best interests</u>, can you rep that I should have NO concerns with any of these since clearly, there is no time to review them? Don't I need to get another attorney involved?" [EDOC 193 pg 3 (emphasis added)].

Mr. Poppel wrote back later that evening to provide summaries of the documents.  At no point did he even try to correct the impression Mr. Stone had that Poppel was his attorney "looking out for [his] best interests."  In fact, Mr. Poppel acted akin to Mr. Stone's attorney by providing these summaries, including legal conclusions, of the documents he had sent earlier that day.

EDOC 191 is also illuminating. On January 16, 2013, Hutson wrote an email to a third party in which he cc'd Stone and Poppel:

"Rich, [h]ere are the docs for Jazz. You can ask Stu Poppel, <u>our</u> deal attorney, any questions. <u>Stu, Rich is Andy's CFO and is settling up the accounts</u>." (emphasis added)

Clearly, Mr. Hutson believed that Poppel was <u>both</u> his lawyer and Mr. Stone's.

Next, EDOC 199 includes an October 2014 email from Mr. Williams to Hutson, **Stone** and Poppel. Williams writes:

"<u>To all</u>: I attach an email I received from the ADC representative last night. <u>I am available to discuss</u> all day except the period from noon to 2:00pm. Charles."

**156733/2017   GENESIS REOC COMPANY, LLC vs. POPPEL, ESQ., STUART D.**  **Page 3 of 6**
**Motion No.  009**

3 of 6

[* 3]

Later that day, Mr. Williams sent another email to Poppel, Hutson and **Stone**. The subject line of the email reads "**confidential**." The email discussed the negotiations between ADC and Genesis with Williams writing:

> "[w]hile the references to the numbers other than 1 & 8 <u>are important for the negotiation of the sales agreement</u>, I don't think the time to raise them is now. <u>I advise</u> that we wait until (if?) ADC commits to the fundamental pre condition that they provide a number for the consideration of Genesis <u>as the basis for negotiations</u>." (emphasis added)

Williams continues:

> "… <u>it's ADC obligation and burden to develop and provide to Genesis for consideration a new structure for the Project</u>..." Williams ends the email saying, "<u>I'm drafting a reply to the Ralph Dawn email for consideration</u>."

These emails reflect that Williams was providing legal and business advice on the underlying deal to individuals who included Stone.

The email chain in EDOC 202 is also revealing. On April 20, 2015 Hutson writes an email to Williams:

> "<u>Legal question</u>, how does this back and forth enhance their ability to cancel the P&S agreements if we do not get court signatures by end of month? Can they say there was no deal and have ground to terminate. That might be their game."

Williams responds:

> "<u>The legal question</u> is the argument for putting this issue finally, formally and definitively to bed now. ADC has clearly changed its position…"

After more back and forth that day, Huston replies to the email chain, this time cc'ing Stone and Poppel. His email includes the full chain of discussion between the two and states:

> "We have done nothing but bend over this entire transaction and that precedent is why this deal is not closing…. When the court signs the order we will tell them to move now or force them to do so. <u>Since I am in Puerto Rico I am happy to hear Andy Stone's viewpoint.</u>"

Stone replies:

**156733/2017  GENESIS REOC COMPANY, LLC vs. POPPEL, ESQ., STUART D.**     **Page 4 of 6**
**Motion No.  009**

4 of 6

"If we agree to pay $225-250,000 upfront, and cave into adc, is there any way we can screw them/hurt them as part of this truncation? We cannot afford to let this investment opportunity dissipate but I would hate to see these dishonest guys walk away with a slimy victory…"

Hutson responds to all:

"My thought is the next issue we are going to have is the 4/29 date where they have an option to terminate. I see no reason why we need to rush to make a big fuss on the $1M. Let's see what is happening with the court. If the court order is signed there will be tremendous pressure for ADC to get this transaction done. Before the court signature there is time to posture…."

Williams then replies "I will delay pending the Court sign off."

This interchange raises a strong inference that Williams was acting as an attorney to BOTH Stone and Hutson in connection with the transaction.

Thus, the documents so far reflect that defendants provided plaintiffs with legal advice and did nothing to disabuse plaintiffs that they were not plaintiffs' counsel. Yet defendants deny that relationship and hide behind privilege to shield documents concerning the threshold issue of whether or not plaintiffs were their clients in the first instance. This is impermissible because it is the use of privilege as a sword and a shield. The documents already in the record raise sufficient concerns about the nature of the relationship between the parties to justify an *in camera* review.

Plaintiffs' claim that the fiduciary exception applies misses the mark. It is undisputed that legal malpractice is the only remaining claim in this case. Even if the fiduciary exception applies, there is no case for legal malpractice without plaintiffs being the clients of defendants. Thus, even if plaintiffs were entitled to the entirety of the documents they seek under the fiduciary exception to attorney-client privilege, the bulk of the documents would be irrelevant to their claim without plaintiffs being defendants' clients.

**156733/2017  GENESIS REOC COMPANY, LLC vs. POPPEL, ESQ., STUART D.**          **Page 5 of 6**
**Motion No.  009**

[* 5]                                                                        5 of 6

Thus, the threshold issue of whether or not plaintiffs were in fact the clients of the defendants must be dealt with immediately. Of course, if plaintiffs <u>are</u> defendants' clients, privilege is no longer an issue, at least for documents relating to the underlying transactions. This is because plaintiffs, as clients, would be entitled to the documents concerning the transactions in general.

The court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is

ORDERED THAT the court grants the motion to the extent that defendants are to take another look at the documents they have held back on the grounds of privilege to isolate those documents that bear on the issue of whether or not plaintiffs are defendants' clients, and otherwise denies the motion; and it is further

ORDERED THAT, upon that review, defendants are to send these documents to the court in hard copy for an *in camera* review; and it is further

ORDERED THAT the parties are to attend a conference on February 4, 2025 at 5:15 PM, over Microsoft Teams to discuss how to facilitate the *in camera* review, including timing.

20250131113646MACRANEBB648BE93F9E4E2CA806EBC855251C86

| **1/31/2025** | | | | | | |
| **DATE** | | | | **MELISSA A. CRANE, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**156733/2017   GENESIS REOC COMPANY, LLC vs. POPPEL, ESQ., STUART D.**                    **Page 6 of 6**
  **Motion No.  009**

6 of 6

[* 6]